UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

   Plaintiff,

   v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

   Defendants.

Civil Action No. 25-4089 (AHA)

## ANSWER

Defendants, United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), by and through undersigned counsel, hereby respond to the Complaint filed by Plaintiff Democracy Forward Foundation alleging violations of the Freedom of Information Act ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Defendants respond to the Complaint in like numbered paragraphs as follows:

# INTRODUCTION[1]

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

## JURISDICTION AND VENUE

1. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

2. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

3. The allegations in this paragraph are Plaintiff's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendants lack knowledge

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

4. Defendants admit that DHS is an agency of the United States government. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within DHS's possession, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

5. Defendants admit that ICE is a component of DHS which is an agency of the United States government. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within ICE's possession, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

**FACTS**

6. To the extent the allegations contained in this paragraph and its accompanying footnote seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. To the extent the allegations of this paragraph and its accompanying footnote seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information

sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. To the extent the allegations of this paragraph and its accompanying footnote seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. To the extent the allegations of this paragraph and its accompanying footnotes seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. To the extent the allegations of this paragraph and its accompanying footnote seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11. To the extent the allegations of this paragraph and its accompanying footnote seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations of this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. The allegations contained in this paragraph do not contain allegations of fact but rather conclusions of law and thus no response is required. As to Plaintiff's intent in submitting its FOIA requests, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations contained within this paragraph. To the extent a response is deemed required, Defendants deny.

*ICE Chicago Raid Videos*

13. Defendants DHS and ICE admit that they received a FOIA request from Plaintiff on October 7, 2025. Defendants respectfully refer the Court to the October 7, 2025, FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

14. The allegations in paragraph 14 are Plaintiff's characterizations of its FOIA request to DHS and ICE. Defendants respectfully refer the Court to the October 7, 2025, request as the best evidence of its contents and deny any allegations inconsistent therewith.

15. Defendant ICE admits it assigned the request tracking number 026-ICFO-00720.

16. Defendant DHS admits it assigned the request tracking number 2026-HQFO-00061.

17. Defendants admit that as of the date of the filing of this Answer, Defendants have not sent a communication to Plaintiff regarding the FOIA request assigned tracking numbers 2026-HQFO-00061 and 2026-ICFO-00720. The federal government shutdown from October 1 to November 12, 2025, prevented work on processing this FOIA request because assigned DHS FOIA and ICE FOIA staff were furloughed and not permitted to work on FOIA matters.

*ICE Training Materials*

18. Defendants DHS and ICE admit that they received a FOIA request from Plaintiff on October 17, 2025. Defendants respectfully refer the Court to the October 17, 2025, request as the best evidence of its contents and deny any allegations inconsistent therewith.

19. The allegations in paragraph 19 are Plaintiff's characterization of its FOIA request to DHS and ICE. Defendants respectfully refer the Court to the October 17, 2025, request as the best evidence of its contents and deny any allegations inconsistent therewith.

20. The allegations in paragraph 20 are Plaintiff's characterization of its FOIA request to DHS and ICE. Defendants respectfully refer the Court to the October 17, 2025, request as the best evidence of its contents and deny any allegations inconsistent therewith.

21. Defendant ICE admits it assigned the request tracking number 2026-ICFO-02703.

22. Defendant DHS admits it assigned the request tracking number 2026-HQFO-00175.

23. Defendants admit that as of the date of the filing of this Answer, Defendants have not sent a communication to Plaintiff regarding the FOIA request assigned tracking numbers 2026-HQFO-00175 and 2026-ICFO-02073. The federal government shutdown from October 1 to November 12, 2025, prevented work on processing this FOIA request because assigned DHS FOIA and ICE FOIA staff were furloughed and not permitted to work on FOIA matters.

*Exhaustion of Administrative Remedies*

24. This paragraph consists of conclusions of law to which no response is required. To the extent that a further response is required, Defendants deny the allegations.

## CLAIMS FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

1a. Defendants incorporate by reference their responses to Paragraphs 1 through 24 as if fully restated herein.[2]

2a. The allegations of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

---

[2] The numbering of paragraphs in Plaintiff's Complaint restarts at "1" under "Count 1," so Defendants follow suit in this Answer. To distinguish from the paragraphs above, Defendants number this paragraph "1a." and the next paragraph "2a."

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA. 5 U.S.C. § 552(b).

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim,

would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

## EIGHTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## NINTH DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of Plaintiff's FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).

Dated: January 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
    MASON D. BRACKEN
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2523
    mason.bracken@usdoj.gov

*Attorneys for the United States of America*