UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 25-4089 (AHA) |

**JOINT STATUS REPORT**

Pursuant to the Court's Standing Order, ECF No. 4 ¶ 3.D, Plaintiff Democracy Forward Foundation and Defendants Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") by and through undersigned counsel, respectfully submit the Parties' first joint status report. The Parties include separate statements.

This case concerns Plaintiff's Freedom of Information Act ("FOIA") requests for records submitted on October 7 and 17, 2025. *See* Compl. (ECF No. 1). DHS and ICE received FOIA requests from Plaintiff on October 7 and 17, 2025.

The Parties' counsel met and conferred by phone call in the evening on February 4, 2026.

**Defendant's Statement**:

Despite Defendants' repeated requests that the Parties limit this filing to a "status report" of a joint nature, Plaintiff insists otherwise. And despite discussions and the initial exchange of drafts for this filing beginning days ago, Plaintiff sent a nearly four-page Plaintiff's Statement on Defendants at 4:04p.m. today. As to the balance of Plaintiff's Statement, Defendants have not been provided meaningful notice or a chance to respond. This unduly prejudices Defendants.

Defendants oppose Plaintiff's attempt to litigate the appropriate timing of ICE's completion of its search by statements in a joint status report. Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion." A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief. A separately filed motion would also provide notice to Defendants so that they could appropriately prepare their response, gather factual materials if needed, and address the merits.

Defendants report that the status of Plaintiff's FOIA requests are as follows:

**DHS**

Defendant DHS received Plaintiff's October 7, 2025, request for "all raw video and or/audio footage in the possession of DHS and/or ICE of the South Shore Chicago apartment complex raid conducted on or around September 30, 2025, in which dozens of individuals were detained and from which DHS published edited footage." DHS reports that DHS expects its search and collection of records responsive to the FOIA request to be completed on or about Friday, February 28, 2026. Within a reasonable time after completion of the search, DHS will provide Plaintiff (1) an estimated date when DHS expects a final determination to be made or (2) a proposed schedule for production of responsive records.

Defendant DHS also received Plaintiff's October 17, 2025, request for all records disseminated to ICE officers in the division of Enforcement and Removal Operations ("ERO") regarding, among other things, operations and arrests, detention, training provided to ICE ERO officers regarding the Fourth Amendment and other constitutional rights. On November 22, 2025, DHS acknowledged receipt of the October 17, 2025, request and transferred the requests to ICE for processing.

DHS experienced a lapse of appropriations from January 31, 2026, through February 3, 2026. Due to this lapse of appropriations, staff in DHS' FOIA office were furloughed and not permitted to work on this matter. With appropriations restored today, DHS FOIA staff returned to work today. However, DHS reports that it does not yet have further information to report regarding Plaintiff's FOIA requests. The agency's orderly return from the shutdown takes time as furloughed staff work through backlogs of emails, voicemails, and tasks, receive direction from management on projects, and triage tasks. DHS will have further information to report about the processing of Plaintiff's FOIA requests within a reasonable time.

**ICE**

Defendant ICE received Plaintiff's October 7, 2025, request for "all raw video and or/audio footage in the possession of DHS and/or ICE of the South Shore Chicago apartment complex raid conducted on or around September 30, 2025, in which dozens of individuals were detained and from which DHS published edited footage." ICE reports that this request was tasked by ICE FOIA to the Office of Public Affairs ("OPA") which is currently searching for responsive records. The number of responsive records is unknown because the search is not complete. ICE is also currently handling many other FOIA requests in its queue. Within a reasonable time after completion of the search, ICE will provide Plaintiff (1) an estimated date when ICE expects a final determination to be made or (2) a proposed schedule for production of responsive records.

Defendant ICE also received Plaintiff's October 17, 2025, request for all records disseminated to ICE officers in the division of Enforcement and Removal Operations ("ERO") regarding, among other things, operations and arrests, detention, training provided to ICE ERO officers regarding the Fourth Amendment and other constitutional rights. ICE reports that this request was tasked by ICE FOIA to ERO which is currently searching for responsive records. ICE

is also currently handling many other FOIA requests in its queue. Within a reasonable time after completion of the search, ICE will provide Plaintiff (1) an estimated date when ICE expects a final determination to be made or (2) a proposed schedule for production of responsive records.

ICE FOIA aims to process 500 pages per month.

DHS experienced a lapse of appropriations from January 31, 2026, through February 3, 2026. Due to this lapse of appropriations, staff in the FOIA office of DHS' subcomponent ICE were furloughed and not permitted to work on this matter. With appropriations restored today, ICE FOIA staff returned to work today. However, ICE reports that it does not yet have further information to report regarding Plaintiff's FOIA requests. The agency's orderly return from the shutdown takes time as furloughed staff work through backlogs of emails, voicemails, and tasks, receive direction from management on projects, and triage tasks. ICE will have further information to report about the processing of Plaintiff's FOIA requests within a reasonable time.

Defendants will informally update Plaintiff as to the progress of Defendants' searches.

At this time, Defendants do not seek or plan to seek a stay of proceedings pursuant to 5 U.S.C. § 552(a)(6)(C), and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Defendants reserve the right to request such a stay at a later time.

**Plaintiff's Statement**:

Plaintiff's *ICE Training Materials* request seeks records of substantial and timely public importance related to Defendant ICE's use, or failure to use, judicial warrants and compliance with the Fourth Amendment's protections. *See* Compl. ¶ 18. Defendant ICE has not provided an estimated time by which it will complete initial search efforts for records responsive to this request, despite this Court's direction that the parties' report include "the anticipated number of documents responsive to the request." ECF No. 4 ¶ 3D. Because Plaintiff's records request

4

concerns a matter of utmost public interest that is a key subject of an ongoing and time-sensitive Congressional debate, Plaintiff cannot accept Defendant ICE's bare status update and indeterminate timeline. Given the extraordinary public interest in these records, Plaintiff writes separately to respectfully request this Court require Defendant ICE to complete its initial search and collection for records potentially responsive to this request by Wednesday, March 4, 2026. Plaintiff seeks no such requirement as to its other request.

Plaintiff's counsel notes that it has sought to reasonably accommodate Defendants here, first in consenting to an extension of the Answer deadline, then in seeking to initiate conferral beginning January 22, 2026. Contrary to Defendants' assertion above that Plaintiff abruptly sent a Plaintiff statement at 4:04 pm today, Plaintiff sent a substantially similar draft Plaintiff's statement yesterday after learning Defendant ICE likely would not provide information about its search completion in this report on the preceding evening. The additional information included in this statement, beyond what was included in that draft, is directly responsive to Defendants' subsequent objections concerning the lapse in appropriations and the belief that motion practice is required for this scheduling matter.

*The Public Interest in ICE's Warrant Practices and Fourth Amendment Compliance*

Plaintiff's *ICE Training Materials* request seeks training materials, guidance, instructions, and directives to ICE officers regarding "the need for or execution of warrants," "when a warrant is or is not required," and "compliance with respect to constitutional rights, including the Fourth Amendment." Compl. ¶ 18. Media outlets report that last week acting ICE Director Todd M. Lyons instructed federal agents via memo[1] that they have broader powers to make warrantless arrests

---

[1] The New York Times published a copy of the leaked memo here: https://static01.nyt.com/newsgraphics/documenttools/e3524bab7246ffa8/0e6654f6-full.pdf.

5

than previously interpreted by the Executive Branch.[2] This followed reporting a week earlier that acting ICE Director Lyons had issued guidance in May 2025 stating that agents could enter individuals' homes without a judicial warrant.[3] Defendants are currently operating on stopgap funding as Congress debates new safeguards for immigration enforcement, including—as directly relevant here—warrant requirements for ICE operations.[4]

Plaintiff respectfully seeks this Court's intervention to ensure timely processing and production of ICE records of great public concern, through a modest and reasonable requirement that the agency complete its initial search efforts within one month, more than three months after this action was initiated. This order would not require the agency to immediately produce records but would ensure reasonably timely progress in the agency's processing. Plaintiff does not object to provision for the agency's ability to seek a reasonable extension of this deadline and would consider requests for consent for reasonable extensions in good faith, as Plaintiff did in consenting to Defendants' motion for a 30-day extension of time to file an Answer in this matter.

*The Court Can Consider FOIA Scheduling Matters Without Motion Practice*

Defendants incorrectly object that this request for the Court to manage a minor and initial matter in the processing schedule in this case requires motions practice under Fed. R. Civ. P. 7. *First*, Rule 7 caveats its statements regarding motions by saying they are to be used "in general" when seeking relief. *Second*, Plaintiff notes that the modest scheduling relief sought here would

---

[2] *See, e.g.*, Hamed Aleaziz & Charlie Savage, *ICE Expands Power of Agents to Arrest People Without Warrants*, N.Y. Times (Jan. 30, 2026), https://www.nytimes.com/2026/01/30/us/politics/ice-expands-power-agents-warrants.html.

[3] *See, e.g.*, Zolan Kanno-Youngs & Michael D. Shear, *ICE Authorized Agents to Enter Homes Without Judicial Warrants*, N.Y. Times (Jan. 21, 2026), https://www.nytimes.com/2026/01/21/us/politics/ice-warrant-whistleblower.html.

[4] *See, e.g.*, Mary Clare Jalonick & Lisa Mascaro, *Senate Passes Trump-Backed Government Funding Deal, Sending to House*, AP News (Jan. 30, 2026), https://apnews.com/article/congress-budget-immigration-trump-homeland-security-39fd7917e39aaf9e4e78e89f3449a587.

merely require Defendant ICE to partially comply with the Court's existing standing order, which directed the agency to report on the number of potentially responsive records to be processed by the time of this report. ECF No. 4 ¶ 3D. *Third*, courts in this District and elsewhere have regularly entered orders for search completion and even *production* of records following the submission of reports or conferences containing both Defendant and Plaintiff statements or positions without motions practice. *See, e.g.*, Order, *NYCLU v. HHS ACF*, 20-cv-183 (S.D.N.Y.) ECF No. 30; Minute Order, *Am. Oversight v. DOJ*, 17-cv-727 (D.D.C.) (June 12, 2017); Minute Order, *Citizens United v. U.S. Dep't of State*, 16-cv-67-CRC (D.D.C) (Apr. 19, 2016). This type of scheduling management is well within the Court's "broad equitable authority" to manage FOIA matters. *CREW v. DOJ*, 846 F.3d 1235, 1241–42 (D.C. Cir. 2017). Plaintiff believes that Defendants' demand for full briefing and motions practice related to this scheduling matter would be unnecessary and inefficient.

*The Short Lapse in Appropriations Does Not Excuse Defendant ICE From Providing Information*

Defendants state that ICE staff cannot provide information about the agency's estimated search completion because of the disruption caused by the recent brief lapse in appropriations, which requires them to work through a backlog of emails, voicemails, and other tasks. But the lapse in appropriations lasted only two business days, and the agency was aware of today's court deadline well in advance of the short lapse.[5]

---

[5] Plaintiff disagrees that Defendants were unable to add further substantive updates given the longstanding Executive Branch guidance that both orderly shutdown activities and compliance with court orders are excepted activities that may be performed during a lapse. *See, e.g.*, Office of Personnel Management, Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025 4–5 (Sept. 2025), https://www.opm.gov/policy-data-oversight/pay-leave/reference-materials/special-instructions-for-agencies-affected-by-a-possible-lapse-in-appropriations-starting-on-10-1-2025/; U.S. Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://tinyurl.com/bdfjjcpd.

Consequently, Plaintiff respectfully requests that the Court require Defendant ICE to complete its initial search and collection for records potentially responsive to Plaintiff's *ICE Training Materials* request, Compl. ¶ 18, by March 4, 2026 (or a similar date). Plaintiff will file a proposed order.

\* \* \*

Jointly, the Parties agree that a briefing schedule on any dispositive motions is not necessary at this time.

Jointly, in consideration of the foregoing, the Parties respectfully propose that the Court permit the Parties to submit another joint status report in thirty days, on March 6, 2026, updating the Court on the status of the processing of Plaintiff's FOIA requests.

| | |
|---|---|
| Dated: February 4, 2026<br>Washington, D.C.<br><br>By: */s/ Daniel A. McGrath*<br>Daniel A. McGrath (D.C. Bar No. 1531723)<br>Robin F. Thurston (Bar No. 7268942)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, D.C. 20043<br>(202) 448-9090<br>dmcgrath@democracyforward.org<br>rthurston@democracyforward.org<br><br>*Counsel for Plaintiff* | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:   */s/ Mason D. Bracken*<br>   MASON D. BRACKEN<br>   Assistant United States Attorney<br>   601 D Street, N.W.<br>   Washington, D.C. 20530<br>   Telephone: (202) 252-2523<br>   mason.bracken@usdoj.gov<br><br>*Attorneys for the United States of America* |